# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUDY HAGNER,**

               **Plaintiff,**

**-vs-**                                           **Case No. 6:07-cv-1464-Orl-31UAM**

**SEMINOLE COUNTY, SANFORD, FLORIDA, PAUL GHEZZI, GLENN RIED, MS. MEAD, JOHN E. POLK CORRECTIONAL FACILITY, DONALD ESLINGER,**

               **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**     **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. No. 19)**
>
> **FILED:**     **October 15, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.      THE LAW**

Rule 24(a) of the Rules of Appellate Procedure sets forth the procedural requirements to proceed *in forma pauperis*. Specifically, Rule 24(a) provides:

> Motion in the District Court. Except as stated in Rule 24(a)(3),[1] a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;[2]
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Whether the moving party meets the substantive requirements to proceed *in forma pauperis* is determined by 28 U.S.C. § 1915. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979).[3] Section 1915 (a) provides, in relevant part:

---

[1] Fed. R. App. P. 24(a)(3) provides that "a party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or(B) a statute provides otherwise." Because the case was removed, the district court had not made any prior finding about Plaintiff's financial status in connection with this case.

[2] Plaintiff did not complete Form 4 of the Appendix of Forms. Instead, Plaintiff filed the form that she filed with the state court on August 13, 2007. Doc. 19 at 4. The Court finds that the form used in the state court is not nearly as detailed as Form 4 and provides inadequate information to assess Plaintiff's financial status. In particular, the form used in state court fails to account for public assistance or other income, such as gifts, and it fails to account for financial obligations. Although Plaintiff failed to meet the procedural requirements of Fed. R. App. P. 24(a), because the Court finds that the appeal is frivolous it has not required Plaintiff to complete Form 4. If the Court adopts the Report and Recommendations herein and Plaintiff files a motion in the Court of Appeals to proceed *in forma pauperis*, Plaintiff's motion must include the affidavit prescribed by Rule 24(a)(1). Fed. R. App. P. 24(a)(5).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> *   *   *
>
> (3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (emphasis supplied). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 (e), 18 U.S.C., provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal --
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim on which relief
>      may be granted; or
>     (iii) seeks monetary relief against a
>      defendant who is immune from
>      such relief.

28 U.S.C. § 1915 (e)(2).

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See Coppedge*, 369 U.S. at 445; *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990). A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge*, 369 U.S. at 445; *see also Farley*

*v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400, 401-02 (5th Cir. 1958); *Parsell v. U.S.*, 218 F.2d 232, 236 (5th Cir. 1955) ("if a judge is convinced . . . that there is no substantial question for review and an appeal is frivolous and therefore futile, it is his duty to certify that the appeal sought to be taken in forma pauperis is not taken in good faith"); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable).

## II.     APPLICATION

Plaintiff initiated her action in state court on August 13, 2007, alleging that Defendants Seminole County, Sanford, Florida, Paul Ghezzi, Glenn Reid, Ms. Mead, the John E. Polk Correctional Facility, Donald Eslinger, C. Squad Liutenant, and D. Stevens engaged in tortious conduct in connection with the handling of her criminal case in state court and her treatment while in custody. Doc. 2. Defendants removed the case to federal court and moved to either consolidate the action with the previously filed case of *Hagner v. State of Florida et al.*, United States District Court for the Middle District of Florida, Case No. 6:07-cv-917-31DAB, or to dismiss the case. Doc. 1, 5. The Honorable Gregory A. Presnell granted the motion to dismiss, finding that this case is virtually identical to the Plaintiff's previously filed complaint in Case No. 6:07-cv-917-Orl-31DAB. Doc. 15.

In her motion to proceed *in forma pauperis*, Plaintiff identifies five alleged errors: (1) the docket clerk erred in describing Plaintiff's filings; (2) there was no ruling from "the lower court" judge allowing removal to federal court; (3) defendant paid the filing fees in federal court without leave of

the "lower court;" (4) defendant describes Plaintiff's action on the civil cover sheet as a civil rights case when it was a tort claim; (5) the district court erred in finding the instant action identical to her previously filed action and in failing to remand the case to state court.  Doc. 19 at 1.

As to unspecified errors allegedly made by the docket clerk in describing Plaintiff's filings, if any error existed it would be harmless.  Although the docket clerk's description of a filing is helpful to the Court in locating records and identifying motions, ultimately the Court reviews the contents of a party's filing and makes its own determinations about the nature of the filing and the appropriate action to be taken.  Any appeal based on the docket clerk's description of filing is frivolous.

As to Defendants' failure to obtain approval from the "lower court," the Court interprets Plaintiff's argument as the Defendants did not obtain approval from the state court to remove the case to federal court.  The law, however, does not provide for state court approval.  Removal of actions to federal court is governed by 28 U.S.C. § 1441 et seq.  Under the applicable statutes, the removing defendants are only required to give prompt notice to the state court of the removal of the case to federal court.  28 U.S.C. § 1446(d).  Because removal to federal court constitutes an initial case filing, the removing party is required to pay the filing fee.  28 U.S.C. § 1914(a).  Any appeal based on Defendants' actions in removing the case is frivolous.

Similarly, there is no basis to appeal because Plaintiff disagrees with Defendants' categorization of her claim on the civil cover sheet.  The Court did not rely on the civil cover sheet in determining that the instant case is virtually identical to her previously filed action.  Any alleged error in the categorization on the civil cover sheet was harmless error.

-5-

As to the alleged error in failing to remand the action to state court, there is no apparent error in the removal. Nor did Plaintiff's filing on September 27, 2007, in which she requested remand, identify any valid basis to remand the action. Doc. 16 at 1. Plaintiff's appeal of the denial to remand the action is frivolous.

Plaintiff's final argument that the Court erred in concluding that the instant action should be dismissed because it is virtually identical to the previously filed action also is frivolous. A comparison of the complaints in the two actions belies Plaintiff's arguments that the complaints state separate claims, and Plaintiff's appeal on this issue is frivolous. The Court further finds that Plaintiff's appeal is not taken in good faith.

**IT IS RECOMMENDED THAT**:

1. The Court deny Plaintiff's motion to proceed in forma pauperis; and

2. The Court certify that the appeal is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 19, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties